## John Tilton, Appellee, v. Harry Musgrave et al., Appellants.

1. APPEALS AND ERRORS—*when finding by court not disturbed.* A finding of fact by the court will not be set aside as against the evidence unless clearly and manifestly so.

2. APPEALS AND ERRORS—*when admission of evidence cannot be complained of.* If testimony is received without objection its admission cannot subsequently be complained of.

3. NEGOTIABLE INSTRUMENTS—*what valid consideration.* An assignment of a contract is a valid consideration for a promissory note.

Appeal from the Circuit Court of Wabash county; the HON. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912.

H. M. PHIPPS, for appellants.

HOWARD P. FRENCH, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Judgment was rendered in favor of the appellee and against the appellants at the April term, 1911, of the Circuit Court of Wabash county, from which judgment they prosecute this appeal.

On April 29, 1907, Noah C. Bainum entered into a contract with the appellee, John Tilton, whereby the said Bainum agreed to convey to the said Tilton lot 181 in the Sunnyside addition to the city of Mt. Carmel, Illinois, by the terms of which the said John Tilton agreed to pay $300, $100 in labor and the balance to be paid at the rate of $5 per month, or a total of $60 per year until the balance of the $300 was paid.

The contract further provided:

"And in case of the failure of the said party of the second part to make either of the payments or any part thereof or perform any of the covenants on his part hereby made and entered into, this contract shall at the option of the party of the first part be forfeited and determined, and the party of the second part shall forfeit all the payments made by him on this contract, and such payments shall be retained by the said party of the first part in full liquidation of all damages by them sustained and they shall have the right to re-enter and take possession of the premises aforesaid."

The contract further provided that the time of payment shall be the essence of the contract and that the covenants and agreements contained in said contract shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

On the 13th day of November, 1908, John Tilton duly assigned all of his right, title and interest in and to the foregoing contract to Harry Musgrave, in consideration of which assignment, Harry Musgrave and Nellie Musgrave, his wife, executed and delivered to John Tilton their promissory note bearing date November

13, 1908, in and by which they promised to pay, twenty months after date, to John Tilton or order, $100, payable in monthly payments of $5 each, including a reasonable attorney's fee if not paid at maturity. At the time that John Tilton made the assignment of this contract to Harry Musgrave a credit of $100 was placed thereon, being the amount that had been paid, by Tilton to Bainum, for the building of a concrete sidewalk.

Musgrave was in possession of this lot by permission of Tilton at the time of the assignment and continued in possession thereof afterwards. In April, 1909, Musgrave offered to make payments to Bainum upon this contract but Bainum refused to receive the payments thereon, and refused to recognize the contract. Bainum nor any one for him, as appears from the evidence, had declared any forfeiture of this contract prior to the assignment made by Tilton to Musgrave.

The appellants in this case offer as a defense to this note a failure of consideration, alleging that Tilton had no interest in the contract at the time it was assigned.

The trial judge, however, found that Tilton did have an assignable interest in this contract at the time he made the assignment on November 13, 1908, and we think the findings of the trial judge were warranted under the evidence in this case.

The contract by its terms was binding not only upon the parties thereto but their assigns, and while it gave to Bainum the option to declare a forfeiture for failure to make payments, there had not been any forfeiture declared up to that time and this option had not been exercised. Tilton was then in actual possession of the property, by Musgrave, and no attempt was made, or even a suggestion of forfeiture by Bainum, until several months after this assignment, and no effort was made upon the part of Bainum to re-enter and take possession of the lot. When this assignment was made

it was valid and binding and was of value to the assignee. Rigdon v. Shirk, 127 Ill. 411. The assignment of the contract was certainly a valid consideration for the note. Speer v. Fuller, Am. Decisions, Vol. 28, 391; Cyc. Vol. 9, 314.

Even if Bainum afterwards refused to receive payment of the amounts due upon the contract from Musgrave, this would not justify Musgrave in abandoning the contract and defeating Tilton in the collection of his note. If Musgrave, before a forfeiture was actually declared, was ready and offered to pay Bainum such amounts as were due then he certainly had a right that could be enforced under this contract.

Again, it is claimed that the court erred in permitting the witness M. H. Munday to testify as to the amount of a reasonable attorney's fee in this case without first showing that he was acquainted with the value of such services. To the admission of this testimony counsel for appellants made no objection, specific or general, and cannot now assign as error the admissibility of this evidence.

We are unable to perceive any substantial error in this record and think that the trial court did right in rendering judgment in favor of appellee upon the note in question, and the judgment of the lower court is affirmed.

*Judgment affirmed.*